IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY PUGH, Individually and on behalf of other employees similarly situated, | § § § | |
| Plaintiff, | § § | JUDGE NANCY F. ATLAS |
| V. | § § | CIVIL ACTION NO. 4:07-CV-02346 |
| BAKER HUGHES OILFIELD OPERATIONS, INC., D/B/A BAKER HUGHES BUSINESS SUPPORT SERVICES, | § § § § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

| | | |
|---|---|---|
| DOROTHY PUGH, Individually and on behalf of other employees similarly situated, | § § § | |
| Plaintiff, | § § | JUDGE KENNETH M. HOYT |
| V. | § § | CIVIL ACTION NO. 4:07-CV-02869 |
| BAKER HUGHES OILFIELD OPERATIONS, INC., D/B/A BAKER HUGHES BUSINESS SUPPORT SERVICES, | § § § § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## DEFENDANT'S MOTION TO CONSOLIDATE

Defendant Baker Hughes Oilfield Operations, Inc. d/b/a Baker Hughes Business Support Services ("Defendant" or "Baker Hughes"), files this motion to consolidate, showing in support as follows:

**I.     INTRODUCTION**

Pugh was terminated from Baker Hughes' employment on January 31, 2007, because she tested positive for cocaine and marijuana on a random drug test. On July 18, 2007, Plaintiff filed

this lawsuit, seeking damages under the Fair Labor Standards Act ("FLSA"), and to certify a collective action of allegedly similarly situated employee.

On September 6, 2007, Plaintiff filed a separate lawsuit against Baker Hughes for alleged discriminatory and retaliatory termination under Title VII and the Age Discrimination in Employment Act ("ADEA"). *See Dorothy Pugh v. Baker Hughes Oilfield Operations, Inc., d/b/a Baker Hughes Business Support Services* 4:07-cv-02869 ("*Pugh II*"). That case was assigned to Judge Kenneth Hoyt. The initial pretrial scheduling conference in *Pugh II* is set for December 10, 2007.

On September 14, 2007, this Court stated during a pretrial scheduling conference that, if Pugh's then-pending motion to certify a collective action was denied, the Court would consolidate the two cases. The Court stated that if Pugh's motion to certify a collective action was granted, the Court would not consolidate the two cases. At the time the Court made these statements, it was anticipated by the parties and the Court that the Court would rule on Pugh's then-pending motion to certify a collective action by November 1, 2007. However, on October 12, 2007, during a court conference, Pugh withdrew her motion to certify a collective action. It is not known when, if ever, Pugh will file a new motion to certify a collective action.

## II.    ARGUMENT AND ANALYSIS

This Court should consolidate *Pugh II* with this case. District courts are vested with broad discretionary authority to consolidate cases in the interests of efficiency and judicial economy. *See* FED. R. CIV. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial on any or all the matters in issue

2

in the actions...."),[1] *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("Rule 42(a) should be used to expedite trial and eliminate unnecessary confusion"); *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977) (characterizing Rule 42(a) as a "broad grant of authority" and noting that the "trial court's managerial power is especially strong and flexible in matters of consolidation"); *Pittman v. Memorial Herman Healthcare*, 124 F. Supp. 2d 446, 449 (S.D. Tex. 2000) (consolidating cases on court's own motion).

It would be in the interests of efficiency and judicial economy to consolidate *Pugh II* with this case. The two cases involve the same parties, the same lawyers, some of the same witnesses, and a common factual background on a broad level. These facts all support consolidation. Indeed, it is well established that, "[a]ctions that involve the same parties are apt candidates for consolidation." *Blasko v. Washington Metropolitan Area Transit*, 243 F.R.D. 13, 15 (D.D.C. 2007) (citing 9 Fed. Prac. & Proc. Civ. 2D § 2384). *See also Miller*, 729 F.2d at 1036 (cases involving same parties may be consolidated). "Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Blasko*, 243 F.R.D. at 15 (citing *Davis v. Buffalo Psychiatric Ctr.*, 1988 WL 47355, at *1 (W.D.N.Y. May 10, 1988)).

No prejudice or other unfairness will result to Pugh through consolidation. First, to ensure fairness, the Court may order that the two actions be tried together, while allowing each one to retain its separate character and requiring entry of a separate judgment for each case. *See Frazier*, 980 F.2d at 1532. Second, consolidation is likely to help Pugh, because not consolidating the two cases could possibly result in the second litigated suit being barred by *res*

---

[1] A trial court's decision regarding consolidation is reviewed under an abuse of discretion standard. *See Davis v. Yellow Cab Company of St. Petersburg*, 220 F.2d 790, 791 (5th Cir. 1955). Thus, "Federal district courts have very broad discretion in deciding whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993).

*judicata*. *See Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 712 (5th Cir. 2005), ("[W]hen two suits are pending based on the same claim or issue, the first final judgment rendered becomes conclusive in the other action."), *cert. denied*, 126 S. Ct. 1019 (2006).[2]

### III.   CONCLUSION

The Court has the power to consolidate Pugh's two cases against Baker Hughes. The Court should exercise that power. Consolidating the cases is in the interests of efficiency and judicial economy. *See Miller*, 729 F.2d at 1036. In addition, consolidating the cases is not prejudicial or unfair to Pugh.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the court grant its motion to consolidate, and that it be granted such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

SEYFARTH SHAW LLP

By:   s/ Mark J. Oberti
Mark J. Oberti
State Bar No. 00789951
S.D. Texas No. 17918
700 Louisiana Street, Suite 3700
Houston, Texas  77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANT
BAKER HUGHES OILFIELD OPERATIONS,
INC.

---

[2] For purposes of *res judicata*, the critical issue in determining whether two suits involve the same claim or issue is not the relief requested or the theory asserted, but whether the plaintiff bases the two actions on the same nucleus of operative facts. *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). If the factual scenario of the two actions parallel, the same cause of action is involved in both. *Id*. Under this standard, a court could find that both of Pugh's cases arise out of the same nucleus of operative facts.

OF COUNSEL:

Dennis A. Clifford
State Bar No. 24050431
S.D. Texas No. 611330
SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas  77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEYS FOR DEFENDANT
BAKER HUGHES OILFIELD OPERATIONS, INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Plaintiff's counsel about this motion in good faith, and that he informed me that his client is opposed to the granting of this motion.

s/ Mark J. Oberti<br>
Mark J. Oberti

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Southern District of Texas ECF method on the 25th day of October 2007.

Trang Q. Tran
Tran Law Firm, L.L.P.
440 Louisiana Street, Suite 720
Houston, Texas  77002

s/ Mark J. Oberti<br>
Mark J. Oberti